```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION

ARAMNDO DEMEZA and JULIA DEMEZA,

              Plaintiffs,
v.                                  Case No. 8:11-cv-2522-T-33AEP

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,
              Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. # 3), filed on November 7, 2011, and supporting memorandum (Doc. # 6), filed on November 21, 2011, pursuant to Local Rule 4.02(c), M.D. Fla.  Plaintiffs filed a Response in Opposition to the Motion (Doc. # 9) on December 9, 2011.  For the reasons that follow, the Court denies the Motion to Dismiss.

**I.   Background**

Plaintiffs, Florida residents, initiated this insurance action against Defendant, their out-of-state insurer, in state court on August 12, 2011. Defendant removed the case to this Court on November 7, 2011, after Plaintiffs served Defendant with their Amended Complaint alleging the amount in controversy exceeded the threshold amount of $75,000. (Doc. # 2 at ¶ 1).

In the Amended Complaint, Plaintiffs allege that their property was damaged by sinkhole activity and "this damage is covered pursuant to the express terms under the subject [insurance] policy." (Doc. # 2 at ¶ 5). Plaintiffs further allege that they "have made application for insurance benefits under the policy, but the Insurance Company has failed and refused to pay the benefits to which Insureds are entitled." Id. at ¶ 9. Plaintiffs elaborate that "[t]he Insurance Company has breached the policy of insurance by failing to pay all the benefits due under the policy, including but not limited to all coverage available and due for actual cash value of cosmetic repairs." Id. at ¶ 10.

Plaintiffs' Amended Complaint contains counts for breach of contract and for declaratory relief pursuant to Florida law. Defendant seeks an order dismissing Plaintiffs' declaratory relief count pursuant to Rule 12(b)(6), Fed.R.Civ.P.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences

from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

### III. **Analysis**

Upon due consideration of the well-pleaded allegations of Plaintiffs' Amended Complaint, which the Court must accept as true at this juncture, the Court determines that it is appropriate to deny the Motion to Dismiss. In the Court's view, count two of the Amended Complaint is more than

3

sufficient to raise a right to relief above the speculative level and to state a plausible claim for declaratory relief pursuant to Florida Statute § 86.011 with regard to the parties' rights, duties, and obligations under the policy of insurance issued by Defendant.

Thus, this Court determines that it is not appropriate to dismiss count two of the Amended Complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. # 3) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

4